UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| MARLON EBERHARDT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 1:09-cr-104 / 1:10-cv-303 |
| | ) | Judge Edgar |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM

Federal prisoner Marlon Eberhardt ("Eberhardt") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court Doc. No. 25]. He primarily claims that he was deprived of his right to effective assistance of counsel during sentencing in violation of the Sixth Amendment to the United States Constitution. The government opposes the § 2255 motion.

After reviewing the record, the Court concludes that the motion is without merit. For the reasons expressed in this memorandum and for the reasons expressed by the government in its response [Court Doc. No. 27], the § 2255 motion will be **DENIED**. The record conclusively shows that Eberhardt is not entitled to any relief under § 2255. There is no need for an evidentiary hearing.

**I.      Standard of Review Under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack. As a threshold standard to post-conviction

1

relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (2) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Eberhardt bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error, Eberhardt must establish that there is a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

An evidentiary hearing is unnecessary if there are no genuine issues of material fact in dispute and the record conclusively shows that the petitioner is not entitled to relief under § 2255. An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v.*

*United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

Petitioner Eberhardt bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Jones*, 2010 WL 1882122, at * 2.

## II.    Facts and Procedural History

The Court finds that Eberhardt has not met his burden of showing that he is entitled to any relief under 28 U.S.C. § 2255. Eberhardt has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. He also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

The facts of Eberhardt's criminal offense are set forth in his plea agreement and the presentence report (PSR). While executing a search warrant at a house on April 22, 2009, law enforcement officers found Eberhardt and Leland Davis ("Davis"), both convicted felons, next to each other in the living room. Eberhardt had a prior felony conviction for robbery. The officers observed that Davis had cash and a bottle containing rocks of cocaine base (crack) in his lap. Eberhardt had $576 cash in his front pants pocket. Officers also found an unloaded handgun

underneath the cushion of a chair in the living room, along with weight scales and marijuana. Eberhardt admitted that he had placed the firearm under the chair cushion less than two days earlier. Other persons inside the house possessed controlled substances and drug paraphernalia.

A federal grand jury returned a one-count indictment against Eberhardt charging him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Eberhardt executed a plea agreement and entered pled guilty.

Using the 2008 version of the United States Sentencing Guidelines which was in effect at that time, the probation officer determined that Eberhardt's base offense level was 20. The base offense level was increased or enhanced by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(6) because Eberhardt possessed the firearm in connection with another felony offense. Specifically, the probation officer noted in the PSR that Eberhardt had been charged in Tennessee state court with possessing crack cocaine for resale, a felony. After also factoring in a three-level reduction for acceptance of responsibility, Eberhardt's total adjusted offense level was 21. Eberhardt had 9 criminal history points for a criminal history category of IV which yielded an advisory Guidelines sentencing range of 57 - 71 months imprisonment.

Eberhardt was represented by attorney Lee Ortwein. Eberhardt did not file any objections to the PSR. Eberhardt and counsel Ortwein did not object to the base offense level of 20 being enhanced by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(6). Prior to the sentencing hearing, Mr. Ortwein filed a sentencing memorandum on behalf of Eberhardt which raised arguments concerning the sentencing factors in 18 U.S.C. § 3353(a). [Court Doc. No. 21].

This Court sentenced Eberhardt to a term of imprisonment for 57 months at the bottom of

the advisory Guidelines range to be followed by three years of supervised release. The judgment of conviction was entered on November 9, 2009. [Court Doc. No. 23]. Eberhardt did not take a direct appeal from the judgment of conviction and sentence to the Sixth Circuit Court of Appeals. In his § 2255 motion, Eberhardt raises the following claims.

## III. First Claim

Eberhardt contends that his counsel was ineffective by failing to raise an objection concerning the U.S.S.G. § 2K2.1(b)(6) sentencing enhancement. Eberhardt states:

> My counsel of record during the proceedings Mr. Lee Ortwein failed to argue on my behalf and place on the record the enhancement received under USSG 2K2.1(b)(6). I received a 4 level adjustment enhancement for something that I had absolutely no direct link to. Counsel failed to bring to this court's attention against my advice. This created deliberate indifference and conflict between defendant and counsel.

[Court Doc. No. 25, p. 4].

Eberhardt does not allege or show that any of the facts in the PSR were inaccurate or untrue. He merely faults counsel for allowing him to receive the U.S.S.G. § 2K2.1(b)(6) enhancement.

### A. Standard of Review for Ineffective Counsel Claims and *Strickland* Test

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the to right to assistance of counsel for his defense. Ineffective assistance of counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Eberhardt must establish that his attorney's performance was deficient. Second, Eberhardt is required to demonstrate that his counsel's deficient performance caused actual

5

prejudice to his defense by depriving him of a fair sentencing hearing. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

The first prong of the *Strickland* test requires Eberhardt to show that his attorney's performance was deficient, i.e. fell below an objective standard of reasonableness. Eberhardt must show that his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a

6

reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Eberhardt to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of Eberhardt's sentencing hearing either unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Eberhardt's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Eberhardt must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of his sentencing hearing would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84.

**B.     Analysis**

The Court finds that Eberhardt has not met his burden of demonstrating either prong of the *Strickland* test. Eberhardt has not established that his counsel's performance during the sentencing phase was deficient and fell below an objective standard of reasonableness. Eberhardt also fails to make a threshold showing that his counsel's performance caused him to suffer prejudice.

7

Eberhardt faults his counsel for not objecting to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6). He asserts that U.S.S.G. § 2K2.1(b)(6) should not have been applied because Eberhardt had "no direct link" to any drugs and he was not convicted of a drug offense.

This claim fails. The Court agrees with the government that it is immaterial that Eberhardt was not convicted of a drug offense. The U.S.S.G. § 2K2.1(b)(6) enhancement is applicable to him.

U.S.S.G. § 2K2.1(b)(6) provides that it applies if "the defendant used or possessed any firearm ... in connection with another felony offense; or possessed ... any firearm ... with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense ...." Paragraph 14 of the Application Notes to U.S.S.G. § 2K2.1 clarifies and explains the following. Subsection (b)(6) applies if the firearm facilitated or had the potential of facilitating another felony offense. Paragraph 14(C) of the Application Notes provides: " 'Another felony offense', for purposes of subsection (b)(6), means any federal., state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment fora term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained*."
(Emphasis supplied).

The U.S.S.G. § 2K2.1(b)(6) enhancement was correctly applied in Eberhardt's case. Police officers found Eberhardt next to Davis who was holding cash and crack cocaine. Under a chair cushion in the same room, officers discovered the firearm, marijuana, and scales commonly used to weigh controlled substances for purposes of drug trafficking. Eberhardt admitted that he knew the firearm's location because he had recently placed it there under the chair cushion. Eberhardt was charged in Tennessee state court with several drug-trafficking crimes, including felony possession

8

of crack cocaine for resale. Based on the undisputed facts in the PSR, the District Court at sentencing could reasonably find by a preponderance of the evidence that the firearm had the potential of facilitating the felony offense of possession of crack cocaine for resale. The U.S.S.G. § 2K2.1(b)(6) enhancement was correctly applied to Eberhardt even though he had not been convicted in Tennessee state court on the charge of felony possession of crack cocaine for resale. Eberhardt fails to present any facts and law in his § 2255 motion to show that the § 2K2.1(b)(6) enhancement should not have been applied in calculating his offense level and advisory Guidelines sentencing range.

Consequently, Eberhardt cannot show that his counsel was ineffective for not raising an objection to the U.S.S.G. § 2K2.1(b)(6) enhancement during sentencing. It is not ineffective assistance of counsel under the Sixth Amendment when an attorney acts reasonably and fails to raise an argument that has no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *United States v. Martin*, 45 Fed. Appx. 378, 381 (6th Cir. 2002).

The Court finds that the performance of attorney Lee Ortwein was objectively reasonable under the circumstances and did not cause any prejudice to Eberhardt. In making this determination, the Court takes into consideration the sworn affidavit of Lee Ortwein attached to the government's response. [Court Doc. No. 27-1]. In his affidavit, Mr. Ortwein explains that he investigated the U.S.S.G. § 2K2.1(b)(6) enhancement and discussed it with Eberhardt prior to the sentencing hearing. Mr. Ortwein advised that, in his professional opinion, an objection to the U.S.S.G. § 2K2.1(b)(6) enhancement would likely be futile and counterproductive. After considering Mr. Ortwein's legal advice, Eberhardt agreed and decided not to raise an objection at sentencing concerning the U.S.S.G. § 2K2.1(b)(6) enhancement. Mr. Ortwein cannot be deemed as ineffective counsel when he

carefully reviewed the matter with Eberhardt, and Mr. Ortwein followed the strategic course of action approved and authorized by Eberhardt.

## IV.  Second Claim

For his second claim, Eberhardt contends that the District Court "arbitrarily implemented into the sentencing scheme" U.S.S.G. § 2K2.1(b)(6). Eberhardt asserts:

> The fact is that I was never convicted of any drugs, and that drugs associated with another case was charged to another individual [Davis]. Any enhancement given I consider illegal. There's not even any preponderance of evidence that any drugs were mine. The offense conduct was a simple possession of a weapon and the weapon that I possessed had no affiliation with the other individual [Davis]. Therefore, the enhancement is illegal thus warranting removal of 2k2.1(b)(6) enhancement and full remand.

[Court Doc. No. 25, p. 5].

This second claim must likewise be dismissed. Eberhardt could have raised this claim on a direct appeal to the Sixth Circuit Court of Appeals but he failed to do so. Consequently, this claim or issue is procedurally defaulted and may not be considered in this 28 U.S.C. § 2255 proceeding absent a showing of good cause and actual prejudice excusing the procedural default. *Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 166-68; *Pevler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Eberhardt fails to meet his burden of showing cause and prejudice to excuse his procedural default. The Court concludes that Eberhardt cannot show cause and prejudice because, as discussed *supra*, his arguments concerning the application of the U.S.S.G. § 2K2.1(b)(6) enhancement are entirely without merit.

## V.  Conclusion

Accordingly, the motion by federal prisoner Marlon Eberhardt for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 25] shall be **DENIED and DISMISSED WITH**

**PREJUDICE**.  A separate judgment will be entered.

SO ORDERED.

ENTER this the 11th day of April, 2011.


                                           */s/ R. Allan Edgar*
                                           R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE